BOWEN, Judge.
The appellant, Karla Gay Dumas, was charged with the capital offenses defined in Ala.Code 1975, § 13A-5-40(a)(2) (murder during a robbery in the first degree) and § 13A-5-40(a)(7) (murder done for a pecuniary or other valuable consideration) in connection with the murder of her exhus-band, Joseph William Dumas. She entered a “best interest” guilty plea to a reduced charge of murder as authorized by North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). She was convicted and was sentenced to 60 years’ imprisonment. The appellant raises two issues on this appeal from that conviction.
I.
The appellant argues that her sentence was “excessive” because it was tainted by some “highly prejudicial hearsay” information contained in the presentence report.
The presentence report, authorized by Ala.Code 1975, § 13A-5-5, and Rule 26.3, A.R.Crim.P., was prepared by Alabama Probation and Parole Officer Joe Lindsey. That report contained the hearsay information that “[t]he possibility remains that charges will be filed against Dumas in Mobile concerning the check [for $948] she forged on the Smalley account,” and that Mr. Dumas’s “death can only be described as an execution.” CR. 44.
Rule 26.6(b)(2), A.R.Crim.P., provides that at the sentence hearing:
“Evidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence. Such matters may include, but are not limited to, the nature and circumstances of the offense, the defendant’s character, background, mental and physical condition, and history, the gain derived by the defendant or the loss suffered by the victim as a result of defendant’s commission of the offense, and any other facts in aggravation or in mitigation of the penalty. Any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence.”
(Emphasis added.)
In a capital case, Ala.Code 1975, § 13A-5-45(d), provides: “Any evidence which has *428 probative value and is relevant to sentence shall be received at the sentence hearing regardless of its admissibility under the exclusionary rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements.” “A sentencing judge may consider hearsay evidence so long as the defendant had a fair opportunity at rebuttal.” Kuenzel v. State, 577 So.2d 474, 528 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, — U.S. -, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).
“The entire [presentence] report itself is an out-of-court statement and is entirely hearsay: however, it is admissible under Ala.Code 1975, § 13A-5-47. Thompson v. State, [503 So.2d 871 (Ala.Cr.App. 1986), affirmed, 503 So.2d 887 (Ala.1987), cert. denied, 484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987)]. The trial court is not obligated to do more than provide a fair opportunity for rebuttal; where the record indicates that the defendant was given sufficient opportunity to rebut any hearsay statements made at the sentencing hearing, there is no error.”
Ex parte Davis, 569 So.2d 738, 741 (Ala. 1990), cert. denied, — U.S.-, 111 S.Ct. 1091, 112 L.Ed.2d 1196 (1991).
Contrary to the appellant’s argument, the evidence does support a conclusion that Mr. Dumas was executed. His body was discovered in bed and he had been shot in the head with a .22 caliber rifle. In addition, at the sentencing hearing, when the prosecutor attempted to question Kay Smalley about the $948 the appellant allegedly stole from her, the trial court, on its own motion, “sustain[ed] any objection and exclude[d] that statement.” R. 29.
We find the appellant’s argument that the sentence was excessive because the trial judge considered improper evidence to be without merit.
II.
The appellant claims error in the trial court’s denial of her motion to reconsider imposition of sentence. In that motion, the appellant argued the following:
“1. That the sentence imposed was unnecessarily harsh considering the Defendant’s lack of a prior criminal record.
“2. That the sentence imposed was unnecessarily harsh considering the fact that the Defendant is the mother of two small children who have lost their father and are now losing their mother.
“3. That the sentence imposed failed to consider the goal of sentencing equality and the need to avoid unwarranted disparities in sentencing different defendants] as set forth in Rule 26.8 of the Alabama Rules of Criminal Procedure.” CR. 57.
We note that in Harmelin v. Michigan, — U.S.-, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Supreme- Court of the United States was unable to agree on a single proportionality test.[1]
The appellant does not argue that her sentence is unconstitutionality dispro *429 portionate. Instead, she contends that the trial court abused its discretion by imposing an allegedly “unnecessarily” harsh sentence. The appellant's argument is directed more toward compassion and mercy than a sentence to which she is entitled as a matter of law. While this Court is not insensitive to the appellant’s plea, we find that the trial court did not abuse its discretion in imposing the 60-year sentence.
The appellant stood charged with two capital offenses for which, if convicted, she faced the possibility of being sentenced to death. Pursuant to a plea agreement, the appellant, maintaining her innocence, pleaded guilty to murder, and the State made no recommendation regarding sentence. The punishment for murder ranges from imprisonment “for life or not more than 99 years or less than 10 years.” § 13A-5-6(a)(1). The appellant’s sentence of 60 years is clearly within the permitted range. Moreover, the evidence does, in fact, tend to indicate that the victim was executed as he slept.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. "In Harmelin, the Court upheld Michigan’s mandatory life sentence without the possibility of parole for possession of more than 650 grams of cocaine. The Court was divided into three groups. Justice Scalia, joined by Chief Justice Rehnquist, found, after an exhaustive and thorough historical analysis, that the eighth amendment does not contain a proportionality requirement. Id. — U.S. at-, 111 S.Ct. at 2685-2694 (Scalia, J., concurring). Four Justices — White, Marshall, Blackmun, and Stevens — believed that the eighth amendment includes a strong proportionality requirement, and they would have struck down the required sentence. Justice Kennedy's concurrence, which was joined by Justices O’Connor, and Souter, was dispositive. He concluded that the principle of stare decisis required the application of a ‘narrow proportionality principle.’ Id. — U.S. at-, 111 S.Ct. at 2695 (Kennedy, J., concurring). Thus, although only two Justices would have held that the eighth amendment has no proportionality requirement, five Justices agree that there is no requirement of strict proportionality." United States v. Hopper, 941 F.2d 419, 422 (6th Cir.1991).