Richard Lee Jones, the appellant, was convicted of the unlawful possession of cocaine in violation of Ala. Code 1975, § 13A-12-212, the unlawful possession of marijuana in the first degree (possession for other than personal use) in violation of § 13A-12-213, and the unlawful possession of 14.5 grams of cocaine without having affixed the appropriate tax stamps as required by § 40-17A-9. He was sentenced to a single term of ten years' imprisonment, and the sentence was split with three years' imprisonment to be served and the remainder suspended. He raises two issues on this direct appeal from those convictions.
 I.
The appellant contends that the searches of his person and his automobile were unconstitutional because there was no probable cause for his arrest. We disagree.
A hearing was held on the motion to suppress filed by the appellant. Montgomery Police Officer Billy Joe McCullough was the only witness to testify. At the conclusion of the hearing, the trial court denied the motion, and the appellant waived a jury trial and was convicted upon the evidence at the hearing and upon his stipulations.
McCullough testified that he received information from his confidential informant who "knew through personal knowledge that black male Richard Jones, gave a weight and description, approximate age, was going to the residence located on Hall Street," specifically 638-A Hall Street in Montgomery, "to make drug transactions." R. 6-7. McCullough testified that his informant stated that he "had been to the residence earlier that day and also the informant was there during the time Mr. Jones was at the residence." R. 32. His information about the drug activity going on inside this residence was obtained from a "[r]eliable informant, and actually going in and setting up deals." R. 53.
McCullough said that the informant told him that the appellant would drive "a gray Impala type vehicle" to the residence "to make drug transactions selling marijuana and crack cocaine to . . . subjects coming to the residence for drug purposes." R. 7-8. The informant also told McCullough what the appellant would be wearing and that the appellant "would have marijuana under his cap, and that the crack cocaine would be in his pocket." R. 23.
McCullough testified that he had known this informant for over three years. R. 33. He had corroborated information previously supplied by the informant and had found it to be true and he had never found any information supplied by the informant to be untrue. R. 27. Although McCullough's testimony on this point is confusing, it appears that on another occasion he had driven by the residence to see if the appellant's automobile was there based upon his informant's advice that the appellant was still there or that the appellant had already left the residence. R. 28. *Page 287 
According to McCullough, the informant had testified in six or seven cases that had resulted in convictions. R. 9. McCullough indicated that "most all" of the prosecutions in which the informant had testified had resulted in convictions and that no prosecution in which he had testified had resulted in an acquittal. R. 26.
McCullough testified that the informant was not and had not been a drug dealer, and that he had not been convicted of any drug offense. R. 34, 36. The informant had been arrested for and convicted of misdemeanors offenses. According to McCullough, the informant was paid money for his information and had "never" supplied information in order to avoid prosecution. R. 36.
McCullough testified that when he received the information concerning the appellant, he already knew that drugs were being distributed from that particular residence. He had obtained that information on another "subject" he was investigating but had not yet arrested at the time of the motion hearing. That information came from the same confidential informant, although there were two confidential informants used on this "other subject." R. 16. The appellant's name "came up during the process" of "working on" this "other subject." R. 16.
McCullough knew that the residence on Hall Street was occupied by Judy James. He had obtained this information from his confidential informant and he had seen Ms. James in front of the residence. R. 16. McCullough stated that he knew Ms. James to be a drug user. From a second informant he learned that Ms. James was involved in drug transactions with the "other subject." R. 17.
Approximately 15 minutes after the police had established surveillance of the residence, the appellant and a second black male were observed leaving the residence and getting into a Chevrolet Impala automobile. From the record it is not clear whether McCullough observed the appellant enter the residence and stay a very short time or whether he observed another black male do so. R. 39-40, 48. When the appellant drove away, the police followed his vehicle. When the appellant stopped for a red light, McCullough "jumped out [of his vehicle] and placed him under arrest." R. 22. McCullough testified that he "reached up and grabbed Mr. Jones' black cap he had on, and two foil wrappers [containing marijuana] fell to the ground." R. 22. Crack cocaine was discovered in the appellant's pants pocket. After this cocaine was found, the police searched the automobile and discovered more marijuana.
It is a well-settled proposition that information from a confidential informant may provide not only reasonable suspicion for an investigative stop, Ex parte Carpenter,592 So.2d 627, 630 (Ala. 1991), but also probable cause for a custodial arrest, Ex parte Meeks, 434 So.2d 844, 846
(Ala. 1983). "Stripped to the barest essentials, 'probable cause' requires satisfactory grounds for believing that a crime was committed [by the person arrested], while 'reasonable suspicion' requires satisfactory grounds for suspecting that a crime was committed [by the person stopped]." People v. Peters,18 N.Y.2d 238, 273 N.Y.S.2d 217, 224, 219 N.E.2d 595, 600
(1966) (emphasis in original), affirmed sub nom., Sibron v. NewYork, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Thus, "the difference between probable cause to arrest and reasonable suspicion to stop 'may lie in the degree of the probability required,' 3 W. LaFave, Search and Seizure § 9.3(b) at 431 (2d ed. 1987), and the quantum [and quality] of information required, id. § 9.3(e) at 478-79." Williams v. State,565 So.2d 1233, 1235 (Ala.Cr.App. 1990). Obviously, probable cause requires information that is superior in both quantum (content) and quality (reliability) to that required for reasonable suspicion. See Alabama v. White, 496 U.S. 325, 330,110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990). In this case, both the quantum and the quality of the information provided were sufficient to establish the degree of probability of criminal activity necessary to justify an arrest.
Although Officer McCullough's testimony is on occasion confusing, we find, based on the "totality-of-the-circumstances" test of Illinois v. Gates,462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983), that the informant's tip was sufficiently reliable and *Page 288 
specific to establish the probable cause necessary to justify the appellant's arrest.
 "It has been stated many times that '[p]robable cause deals with probabilities, not legal technicalities. It is grounded upon those practical, factual considerations of everyday life upon which reasonable and prudent men act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948).' Carter v. State, 405 So.2d 957, 959 (Ala.Cr.App.), cert. denied, 405 So.2d 962 (Ala. 1981). 'Probable cause does not require an officer to compile an airtight case against a suspect.' Williams v. State, 440 So.2d 1139, 1145 (Ala.Cr.App. 1983). 'It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" that certain items may be contraband . . .; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.' Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (citations omitted)."
Mewbourn v. State, 570 So.2d 805, 808-09 (Ala.Cr.App. 1990).
Here, the prosecutor established the informant's credibility by showing his past "track record." "Reference to a confidential informant's 'track record' of past performances is a viable means of determining his credibility." Reese v. State,456 So.2d 341, 349 (Ala.Cr.App. 1982), cert. denied,464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). See also Carter v.State, 435 So.2d 137, 139 (Ala.Cr.App. 1982); Moynes v. State,568 So.2d 392, 393 (Ala.Cr.App. 1990). The informant's "basis of knowledge" was established by evidence that this was first-hand information obtained by the confidential informant. SeeWilliams v. State, 565 So.2d 1233, 1236 (Ala.Cr.App. 1990).
Once the police had arrested the appellant, the search of the automobile was justified as a search incident to a lawful arrest. "The search of the appellant's car . . . was lawful under the search incident to arrest exception. After arresting the driver of an automobile, an officer 'may, as a contemporaneous incident of that arrest, search the passenger compartment' of that car, including 'the contents of any containers found within the passenger compartment.' New York v.Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768
(1981); Daniels v. State, 416 So.2d 760, 763 (Ala.Cr.App. 1982). See also, State v. Calhoun, 502 So.2d 808 (Ala. 1986)."Sheffield v. State, 606 So.2d 183, 187 (Ala.Cr.App. 1992).
The motion to suppress was properly denied.
 II.
The appellant contends that there is no evidence that tax stamps were not affixed to the cocaine and that, consequently, his conviction for violating § 40-17A-9 cannot be sustained. However, we find that the fact that the record contains no evidence on this matter is a direct result of defense counsel's representations to the trial court.
After the trial court denied the appellant's motion to suppress, defense counsel stated:
 "And with that in mind, we're also prepared to stipulate to the Court, and I would like — Mr. Jones and I have discussed this, we would like to take this search matter up on appeal. We're prepared to stipulate the facts sufficient for the Court to rule on guilt or innocence based on testimony you have heard, and waive a jury trial in that regard." R. 61.
"Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." Phillips v. State, 527 So.2d 154, 156 (Ala. 1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 289