The appellant, Wilburn Callahan, was convicted of the illegal transportation of prohibited liquors in violation of Ala. Code 1975, § 28-4-115. He was sentenced as a habitual felony offender to serve 25 years' imprisonment. He raises four issues on this direct appeal from that conviction.
 I.
The appellant contends that his sentencing was improper because the sentencing judge was not the judge who presided over his trial.
The appellant was sentenced five months after his conviction. There is no explanation in the record as to why the trial judge and the sentencing judge were not the same judge.
On July 1, 1993, the appellant filed a written motion entitled "Objection to Sentencing," objecting "to the order dated the ___ day of ___, 1993" and alleging that he was "entitled to be sentenced by the Judge who presided at his trial since the trial Judge heard all evidence presented at the trial and that such knowledge might affect the sentencing [of] the defendant." C.R. 30. On July 7, 1993, the sentencing judge denied the motion with the written comment:
 "The defendant herein has filed an 'Objection to Sentencing' and therein the defendant '. . . objects to the order dated the ___ day of ___, 1993. . . .' It obviously is unclear as to what order the defendant is objecting. The Court cannot consider this 'Objection to Sentencing' as submitted." C.R. 17.
We have searched the record and have found no "order" concerning sentencing.
The appellant did not respond to the court's initial ruling that his motion was insufficient to allow the court to make an informed ruling. On July 29, 1993, the sentencing judge overruled the appellant's motion with the following order: "The defendant having filed no amendment to his 'Objection to Sentencing', the same is overruled." C.R. 18. At the sentence hearing, there was no objection raising this issue. *Page 1331 
Consequently, this issue has not been preserved for our review.
 "[T]he trial court was not 'apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved.' Bland v. State, 395 So.2d 164, 168
(Ala.Cr.App. 1981) (emphasis added). 'The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987)."
Fleming v. State, 625 So.2d 1195, 1200
(Ala.Cr.App. 1993).
Furthermore, the appellant did not raise this objection at the sentence hearing, or in a motion to reconsider the sentence. "We cannot consider matters on appeal that have not first been presented to the trial court for its determination."Scott v. State, 627 So.2d 1131, 1132 (Ala.Cr.App. 1993) ("At no point during the sentencing hearing did the appellant object on these grounds. Neither was any motion to reconsider the sentence filed or any other objection made.").
Furthermore, even if this issue had been properly preserved it would not require a reversal.
 "In Jacobs v. State, 465 So.2d 466
(Ala.Cr.App. 1984), this court addressed this issue and stated:
 " 'The ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, § 5.1 (1st ed.) suggests that it is the better practice for the trial judge who presided at defendant's trial to impose sentence on that defendant. However, § 5.1 also states that there will be times when it will be impossible for the judge who presided at the trial to impose sentence and another judge will necessarily have to act and impose sentence. In those instances, the judge who will impose the sentence should fully acquaint himself with all of the aspects of the defendant's case. See also Rule 25(b) Fed. Rules Crim.Proc. 18 U.S.C.A.'
 "Generally, 'it is not error for a judge other than the one who tried the accused to pronounce judgment and sentence.' Annot., 83 A.L.R.2d 1032 (1962); Hill v. State, 455 So.2d 930, 935
(Ala.Cr.App.), aff'd, 455 So.2d 938 (Ala. 1984); Duren v. State, 507 So.2d 111, 116
(Ala.Cr.App. 1986), aff'd, 507 So.2d 121
(Ala. 1987)."
Dover v. State, 570 So.2d 784, 787-88
(Ala.Cr.App. 1990).
 II.
The appellant complains about the search of his automobile and his pockets, and asserts that the seizure of alcoholic beverages from the trunk of his car violated his constitutional rights against unreasonable search and seizure.
 " 'The law is clear that a warrantless search of an automobile is justified where there is probable cause to believe the vehicle contains contraband.' Lott v. State, 456 So.2d 857, 859-60
(Ala.Crim.App. 1984). 'The test for probable cause is "whether the facts available to the officer at the moment of the seizure or search, would warrant a man of reasonable caution to believe that the action taken was appropriate." ' Lott, 456 So.2d at 860 (quoting C. Gamble, McElroy's Alabama Evidence, § 334.01(7)(b) (3d ed. 1977))."
Riley v. State, 583 So.2d 1353, 1355 (Ala.Cr.App.), cert. denied, 583 So.2d 1356 (Ala. 1991).
The appellant was convicted of violating Ala. Code 1975, §28-4-115, which makes it "unlawful for any person . . . within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama." The City of Decatur and the City of Priceville are municipalities in Morgan County. Decatur permits the sale and distribution of alcoholic beverages and is a "wet" municipality. Priceville prohibits the sale and distribution of alcoholic beverages and is a "dry" municipality.
Morgan County Deputy Sheriff Walter Glen Price testified that he was participating in an undercover surveillance of a State Liquor Store inside the city limits of Decatur when he saw the appellant purchase fourteen 375-milliliter bottles of liquor. This is equivalent to 1.38 gallons. Price also testified that he observed what appeared to be "two 12 *Page 1332 
ounce cases of beer" inside the trunk of the appellant's car when the appellant loaded the liquor into his trunk. R. 19. Deputy Price observed the appellant drive the car containing the alcohol from the "wet" municipality of Decatur into the "dry" municipality of Priceville.
The Police Chief of Priceville, Doyle Hammonds, was notified and aided in stopping the appellant. The appellant told Price that the trunk was empty and that he did not have the keys to the trunk. Price searched the appellant's pockets, found some keys, and opened the trunk. Inside the trunk was 8.25 gallons of beer (four cases) and 1.38 gallons of liquor (14 bottles).
 " 'Beginning with the decision in Carroll v. United States, 267 U.S. 132, [45 S.Ct. 280, 69 L.Ed. 543] (1925), the Supreme Court has defined an exception to the Fourth Amendment for automobile searches. The legality of a warrantless automobile search is based on the existence of probable cause to believe that the automobile is carrying contraband subject to forfeiture under the law, and the difficulties of securing a moveable vehicle while a warrant is obtained. It is the suspected contraband on which the analysis focuses and for which this type of warrantless search and seizure is allowed.' "
Hawkins v. State, 565 So.2d 1193, 1196 (Ala.Cr.App.), cert. denied, 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585
(1990).
"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."United States v. Ross, 456 U.S. 798, 825,102 S.Ct. 2157, 2173, 72 L.Ed.2d 572, 594 (1982). " 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependant on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' " United States v.Maguire, 918 F.2d 254, 259 (1st Cir. 1990), cert. denied,499 U.S. 950, 111 S.Ct. 1421, 113 L.Ed.2d 474 (1991).
Deputy Price had probable cause to arrest the appellant for transporting alcoholic beverages into a "dry" jurisdiction when the appellant crossed the boundary between Decatur and Priceville. Price was justified in searching the appellant's pockets as a search incident to a lawful arrest.
 "A search conducted prior to the formal act of arresting is unreasonable only where 'a lawful arrest could not have been made prior to the search.' LaFave, Search and Seizure, § 5.4(a) (2d ed. 1987).
" '. . . .
 " ' ". . . If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. There is no case in which a defendant may validly say, 'Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards." '
 " '. . . [T]he Supreme Court correctly concluded in Rawlings v. Kentucky, [448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980),] that "where the formal arrest quickly followed on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa," so long as the fruits of the search were "not necessary to support probable cause to arrest." '
 "LaFave, Search and Seizure, § 5.4(a) (2d ed. 1987)."
Green v. State, 571 So.2d 356, 359-60
(Ala.Cr.App. 1990) quoting, in part, Peters v. NewYork, 392 U.S. 40, 41, 88 S.Ct. 1912, 1912, 20 L.Ed.2d 917
(1968)). See also United States v. Moses,796 F.2d 281, 284 (9th Cir. 1986) (agent had probable cause to arrest defendant; therefore, agent's search of defendant and discovery of trunk key was a valid search incident to arrest);Nettles v. State, 435 So.2d 146, 151 (Ala.Cr.App.), affirmed, 435 So.2d 151 (Ala. 1983) (police officer was justified in seizing the trunk key from the defendant and opening the defendant's car trunk when the police officer had probable cause to believe that the defendant had committed a crime). *Page 1333 
 III.
The appellant contends that his sentence should not have been enhanced by the Alabama Habitual Felony Offender Act [1]
(hereinafter HFOA). He argues that Ala. Code 1975, §28-4-115, specifically prescribes a penalty of one to five years in the penitentiary and that this specific penalty provision makes the HFOA inapplicable.
The record does not show that the sentencing judge ever ruled on the appellant's written motion objecting to the application of the HFOA. At the sentencing hearing, the sentencing judge asked the appellant to respond to the prosecutor's motion to invoke the HFOA. The appellant did not argue the applicability of the HFOA but asserted only that his two prior felony convictions were invalid. While the particular contention raised on appeal was not argued at trial, if the appellant's assertion is correct, the alleged error in the application of the HFOA would be a jurisdictional matter that is not subject to waiver. See Howard v. State, [Ms. CR 91-878, September 30, 1993];* Ex parte Brannon,547 So.2d 68 (Ala. 1989). We therefore address the merits of the issue.
The statute defining the crime of the illegal transportation of prohibited liquors or beverages in quantities of five gallons or more as defined in § 28-4-115 provides, in pertinent part: "Any person convicted of violating this section shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary of this state for a period of not less than one year, nor more than five years." There is no specific provision in Title 28 for an enhanced sentence for subsequent convictions of that particular felony.[2]
"Every person convicted of any offense . . . defined outside [the Alabama Criminal Code] shall be sentenced by the court in accordance with this article, unless otherwise provided by law." Ala. Code 1975, § 13A-5-1. Consequently, because the Alabama Legislature has expressed no contrary intent, the Habitual Felony Offender Act is applicable to a conviction for a violation of § 28-4-115. See Ex parte Chambers,522 So.2d 313, 316 (Ala. 1987) ("[b]ecause the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, we hold that defendants convicted thereunder must be sentenced accordingto its provisions, not the sentencing provisions of Title 13A"). See also Gholston v. State, 620 So.2d 719 (Ala. 1993); Ex parte Johnson, 620 So.2d 665 (Ala. 1993).
 IV.
The appellant contends that his sentence is excessive and "clearly" violates the principle contained in Rule 26.8, A.R.Crim.P., that "[t]he sentence imposed in each case should call for the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime."
The appellant was sentenced as a habitual offender with prior felony convictions for burglary and the illegal transportation of alcohol. The presentence report is not contained in the record before this Court. At the sentence hearing, the prosecutor stated:
 "Your Honor, the probation/parole office submitted a report on Mr. Callahan that shows what a bad record he has. The fact that we can only prove two prior felony convictions by the requirements set out for a Habitual Felony Offender Petition should not lessen the fact that there are other cases in Mr. Callahan's record that do appear to be felonies from the probation and parole office, your Honor. Mr. Callahan has stood before the Court today and he continues to say he has never been convicted of these cases. I would ask the Court to take that into account as well that he is not willing to come clean with the *Page 1334 
Court and speak squarely and directly about these things, your Honor. Like Mr. Powell [defense counsel] said, this particular case is a non-violent case but Mr. Callahan has shown that probation and the other sentences and things that have happened to him in the past have not changed his ways and he is not going to obey the law and we would ask for a sentence to show Mr. Callahan and others that laws are set to be obeyed and they must be obeyed." R. 9-10 (sentence hearing).
Because the felony offense defined in § 28-4-115 is outside of Title 13A, it is classified as a Class C felony. Ala. Code 1975, § 13A-5-4(a). The range of punishment for a conviction of a Class C felony with two prior felony convictions is "for life or not more than 99 years or less than 10 years." § 13A-5-9(b)(1); § 13A-5-6(a)(1).
We find that the appellant's sentence of 25 years' imprisonment is not unconstitutionally excessive. The appellant's sentence was within the statutory range of punishment for a defendant convicted of a Class C felony and having two prior felony convictions (which is the same as the punishment for a Class A felony). Where the punishment imposed is within the statutory range, this Court will not overturn the sentencing decision absent a clear abuse of discretion by the trial court. Fordham v. State, 513 So.2d 31, 34
(Ala.Cr.App. 1986). Here, the sentence was within the statutory range of punishment and was not so disproportionate to the offense charged that it constitutes a violation of a defendant's Eighth Amendment rights. See Ex parteMaddox, 502 So.2d 786, 789-90 (Ala. 1986). Here, as inDumas v. State, 611 So.2d 426, 429 (Ala.Cr.App. 1992), the appellant's arguments appear to be "directed more toward compassion and mercy than a sentence to which [the appellant] is entitled as a matter of law."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Ala. Code 1975, § 13A-5-9.
* Note from the reporter of decisions: On April 15, 1994, the Court of Criminal Appeals withdrew its September 30, 1993 opinion in Howard v. State and substituted another one. See 1994 WL 129755 (Ala.Crim.App. 1994).
[2] Section 28-4-136(a) does provide additional punishment for recidivist violations of misdemeanor offenses contained in Article 6 of Title 28:
 "On the second and every subsequent conviction of a violation of any provisions of this article, the offense shall, in addition to a fine within the limitations above named, be punishable by imprisonment in the county jail or at hard labor for the county for not less than three nor more than six months, to be imposed by the court."
Section 28-4-21 specifically provides enhanced punishment for subsequent convictions under § 28-4-20 regulating the sale and possession of prohibited liquors and beverages.