The appellant, Fred Seay, Jr., was charged with the unlawful possession of a controlled substance in violation of §13A-12-212(a)(1), Code of Alabama 1975; with driving while his license was revoked in violation of § 32-6-19, Code of Alabama 1975; with the unlawful possession of marijuana in violation of § 13A-12-214, Code of Alabama 1975; and with the unlawful possession of prescription drugs in violation of § 34-23-7, Code of Alabama 1975. A jury found the appellant guilty on all charges except the possession of marijuana charge. He was sentenced to five years' imprisonment on the conviction for unlawful possession of a controlled substance, to six months' imprisonment on the conviction for driving while his license was revoked, and to one year's imprisonment on the conviction for unlawful possession of prescription drugs.
The appellant contends that the court erred in denying his motion to suppress evidence of illegal drugs obtained from a search of his person. The appellant does not question his conviction for driving while his license was revoked.
The evidence presented at the suppression hearing tended to show that on June 22, 1993, Cullman County Sheriff David Laney received information from a confidential informant that the appellant would be transporting marijuana from a residence in west Cullman County to his residence on Airport Road in Vinemont in Cullman County that evening. The informant, who had provided Sheriff Laney with reliable information in the past, provided Sheriff Laney with the appellant's name and a description of the appellant's truck.
Investigator Charles Dansby of the Cullman County Sheriff's Department sent Officer Darrell Price to Airport Road to wait for the appellant. Officer Price saw a truck fitting the description given by the informant, and he began following it. He checked the license number of the truck and discovered that it was registered to the appellant. Officer Price turned on the patrol car's blue lights. The appellant did not stop immediately. The appellant threw something out of his truck window, pulled his truck off the road, and stopped.
Officer Price asked the appellant to get out of his truck and to place his hands on the truck's camper shell. Officer Price then noticed what appeared to him to be marijuana adhering to the appellant's right pants leg. Officer Price then looked inside the truck and saw what appeared to be marijuana on the seat.
Investigator Dansby joined Officer Price at the scene and conducted a "pat down" search of the appellant. Investigator Dansby noticed a golf-ball-sized package in the appellant's front pocket. He squeezed and manipulated the package to try to determine what *Page 83 
it was. He then removed it from the appellant's pocket. The package contained one tablet of meprobamate, a controlled substance, and eight prescription strength ibuprofen tablets (800 mg Motrin).
Specifically, the appellant argues that the search went beyond the scope permitted by Terry v. Ohio, 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Terry addressed the scope of a protective search for weapons. If the search of the appellant had been a search for weapons, it would have exceeded the scope set by Terry. See Minnesota v. Dickerson, ___ U.S. ___,113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). If, however, at the time of the search, the officers had probable cause to arrest the appellant, the search was not a "Terry search" but a search incident to a lawful arrest.
 "A search conducted prior to the formal act of arresting is unreasonable only where 'a lawful arrest could not have been made prior to the search.' LaFave, Search and Seizure, § 5.4(a) (2d ed. 1987).
" '. . . .
 " ' ". . . If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. There is no case in which a defendant may validly say, 'Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards.' "
" '. . . .
 " '. . . [T]he Supreme Court correctly concluded in Rawlings v. Kentucky, [448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980),] that "where the formal arrest quickly followed on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa," so long as the fruits of the search were "not necessary to support probable cause to arrest." '
 "LaFave, Search and Seizure, § 5.4(a) (2d ed. 1987)."
Green v. State, 571 So.2d 356, 359-60 (Ala.Cr.App. 1990) (quoting, in part, Peters v. New York, 392 U.S. 40, 41,88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968)). (Emphasis in original.) Also quoted in Callahan v. State, 644 So.2d 1329,1332 (Ala.Cr.App. 1994).
"Probable cause exists if facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe that the suspect has committed a crime." Dixon v. State, 588 So.2d 903, 906 (Ala. 1991), cert. denied, 502 U.S. 1044, 112 S.Ct. 904, 116 L.Ed.2d 805 (1992).
Based on (1) the information from the confidential informant that the appellant would be transporting drugs; (2) the appellant's throwing something from his truck before he stopped his truck; and (3) the presence of what appeared to be marijuana on his pants and on the seat of the truck, the officers who searched the appellant had probable cause to arrest him when they conducted the search. The court did not err in refusing to suppress the evidence obtained from the search of the appellant.
For the foregoing reasons, the appellant's convictions are affirmed.
AFFIRMED.
All the Judges concur. *Page 569