WINDOM, Presiding Judge,
dissenting.
I disagree with the majority’s determination that Sgt. Billy Gene Hallman, Jr., did not possess reasonable suspicion sufficient to justify a patdown of Matthew Daniel Grantham. However, even if I were to agree with the majority’s determination, I would still affirm the circuit court’s denial of Grantham’s motion to suppress because of the inevitable-discovery exception to the exclusionary rule.
“ ‘Under [the inevitable-discovery] exception, a court may admit illegally obtained evidence if the evidence inevitably would have been discovered through independent, lawful means.
*183 For example, in Nix v. Williams, [467 U.S. 431 (1984),] the Supreme Court held that evidence concerning the location and condition of a murder victim’s body was admissible even though the pólice obtained this information in violation of the defendant’s Sixth Amendment right to counsel. The Court reasoned that a comprehensive search already under way at the time of the police illegality would have inevitably resulted in the discovery of the body.’
“Miles Clark, Project, Thirty-first Annual Review of Criminal Procedure, The Exclusionary Rule, 90 Geo. L.J. 1264, 1274-76 (2002) (footnotes omitted). See, e.g., Murray v. United States, 487 U.S. 533, 539, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) (noting that inevitable discovery is actually an extrapolation from the independent-source doctrine: because the tainted evidence would be admissible if in fact it was discovered through an independent source, it should be admissible if it inevitably would have been discovered).
“... Under the inevitable-discovery exception, the prosecutor has the burden of demonstrating (1) that there is a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct; (2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct; and (3) that the police, before the misconduct, were actively pursuing the alternative line of investigation. United States v. Cherry, 759 F.2d 1196 (5th Cir.1985); United States v. Brookins, 614 F.2d 1037, 1043 (5th Cir.1980).”
Kabat v. State, 867 So.2d 1153, 1156-57 (Ala.Crim.App.2003) (footnote omitted).
As the majority noted, the driver of the vehicle in which Grantham was a passenger gave Sgt. Hallman consent to search his vehicle. Ill So.3d at 177. At the time the consent was given, Grantham had not yet been subjected to the patdown, but rather was sitting in the front passenger seat of the vehicle. After Sgt. Hallman was granted consent to conduct a search, Officer Hinton asked Grantham to get out of the vehicle. Grantham initially refused, but acquiesced to Officer Hinton’s command after Sgt. Hallman began walking toward Grantham.
A patdown search of Grantham was conducted by Sgt. Hallman, during which the “dug out” was discovered. Grantham was placed in handcuffs, and Sgt. Hallman proceeded with the search of the vehicle to which the driver had earlier consented. Sgt. Hallman searched the middle console area, which is the area toward which Grantham made what Sgt. Hallman considered to be a furtive movement. There, Sgt. Hallman discovered marijuana and marijuana seeds.
Regardless of the search of Grantham, the discovery of marijuana and seeds in the vehicle, especially in an area to which Grantham made what Sgt. Hallman considered to be a furtive movement, would have provided Sgt. Hallman with sufficient probable cause to arrest Grantham for possession of marijuana. Once Sgt. Hall-man had probable cause to arrest Grant-ham, a search of Grantham’s pockets, which would have yielded the dug out, would have been proper pursuant to a search incident to a lawful arrest. See Callahan v. State, 644 So.2d 1329, 1332 (Ala.Crim.App.1994) (holding that deputy was justified in searching appellant’s pockets once probable cause to arrest had been established).
Based on the record before this Court, the three-pronged test found in Kabat was satisfied. Before the patdown search of Grantham, Sgt. Hallman had observed *184 Grantham make a furtive movement in the direction of the middle console of the vehicle and had obtained consent from the driver to search the vehicle. Additionally, Sgt. Hallman did not acquire any new information relevant to the discovery of the marijuana in the middle console during the patdown search. Thus, even if the patdown search were illegal, there was a reasonable probability that the marijuana in the middle console would have been discovered by lawful means but for the police misconduct and that the leads making inevitable the discovery of marijuana in the console were possessed by Sgt. Hall-man at the time of the misconduct; Sgt. Hallman, before the misconduct, was actively pursuing the alternative line of investigation.
Because I believe that the “dug out” discovered in Grantham’s pocket is subject to the inevitable-discovery exception to the exclusionary rule, I believe that the circuit court’s denial of Grantham’s motion to suppress should be affirmed. Indeed, the City did not argue during the suppression hearing, nor does it argue on appeal, that the evidence should not be suppressed under the inevitable-discovery exception. However, this Court may affirm the judgment of the circuit court on any valid legal ground, regardless of whether that ground was considered by the circuit court. Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (citing Ex parte Ryals, 773 So.2d 1011 (Ala.2000), citing in turn Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988)); see also Humphreys v. State, 287 Ga. 63, 76-77, 694 S.E.2d 316, 330-31 (2010). Therefore, I respectfully dissent.